IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 23 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00760-BNB

JAMES ARLEN CHILDS,

    Plaintiff,

v.

JOE ORTIZ,
BARRY PARDUS,
DENNIS BURBANK,
RANDY FOSHEE,
WILLIAM RICHTER,
T. KEELER,
LT. HOLCOMB,
DONNA MURPHY, et al.,
STEVE OWENS,
DONALD MCCALL,
JIM BROWN,
SGT. SIMMONS,
SGT. MEYER,
PHIL MARMALEJO,
JULIE RUSSELL,
JASON ELSE,
ANTHONY A. DECESARO,
KAREN COOPER,
MICHAEL ARELLANO, and
LARRY REID,

    Defendants.

---

ORDER ALLOWING PLAINTIFF TO PROCEED
WITHOUT PAYMENT OF INITIAL PARTIAL FILING FEE

---

In an order filed on April 20, 2006, the court granted Plaintiff James Arlen Childs leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to § 1915(b)(1), the court ordered Mr. Childs either to pay an initial partial filing fee of

$1.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. On May 19, 2006, Mr. Childs submitted a copy of his inmate trust fund account statement showing that the available balance in his account as of May 3, 2006, is a negative $94.05. The financial affidavit previously filed by Mr. Childs reveals no other assets.

Title 28 U.S.C. § 1915 requires a prisoner bringing a civil action "to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). If a prisoner is unable to afford the full amount of the filing fee when the action is filed, the statute provides for payment of the filing fee through an initial partial filing fee and monthly installments of the balance until the full filing fee is paid. However, "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Because he has demonstrated that he has no assets and no means by which to pay the initial partial filing fee, Mr. Childs will be allowed to proceed in this action without payment of the initial partial filing fee designated in the court's April 20, 2006, order. The court will proceed to review complaint pursuant to § 1915(e)(2)(B). However, although he may proceed without payment of an initial partial filing fee, Mr. Childs remains obligated to pay the full $350.00 filing fee through monthly installments as directed in the court's April 20 order and reiterated below. Accordingly, it is

ORDERED that Mr. Childs may proceed in this action without payment of the initial partial filing fee designated in the court's April 20, 2006, order because he has shown cause why he has no assets and no means by which to pay an initial partial filing

fee. Mr. Childs remains obligated to pay the full amount of the required $350.00 filing fee pursuant to § 1915(b)(1). It is

FURTHER ORDERED that until the $350.00 filing fee is paid in full, Mr. Childs shall make monthly payments to the court of twenty (20) percent of the preceding month's income credited to his account or show cause why he has no assets and no means by which to make each monthly payment. Mr. Childs is directed to make the necessary arrangements to have the monthly payments identified by the civil action number on this order. In order to show cause, Mr. Childs must file a current certified copy of his trust fund account statement. It is

FURTHER ORDERED that if Mr. Childs fails to have the appropriate payment sent to the clerk of the court each month or to show cause each month as directed above why he has no assets and no means by which to make the monthly payment, the complaint may be dismissed without prejudice and without further notice. It is

**FURTHER ORDERED that the court may dismiss this action and may apply all or part of the filing fee payments tendered in this action to satisfy any filing fee debt the plaintiff may owe in a prior action or actions if the plaintiff fails to stay current with his payment obligations in the prior action or actions.**

DATED May 23, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00760-BNB

James A. Childs
Prisoner No. 44876
Centennial Corr. Facility
P.O. Box 600 -Unit C2-6
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-23-06

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk